(No. 37871.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* DANIEL RIZZO, Plaintiff in Error.

*Opinion filed November 26, 1963.*

MYER H. GLADSTONE, of Chicago, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and ELMER C. KISSANE and JAMES R. THOMPSON, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

An. information in the municipal court of Chicago charged that "Daniel Rizzo on the 24th day of September A.D. 1960, at the City of Chicago aforesaid did then and there being a police officer of the City of Chicago authorized to serve legal process, and did and there [sic] unlawfully receive ten dollars in United States currency from Theodore Samuels for omitting to arrest Theodore Samuels for a violation of a traffic law. In violation of Chapter 38, Par. 81, Illinois Revised Statutes * * *." The defendant, Daniel Rizzo, pleaded not guilty and waived a trial by jury. He was tried by the court, found guilty, and fined $100. The Appellate Court, First District, affirmed the judgment, (*People* v. *Rizzo,* 39 Ill. App. 2d 140, 188 N.E.2d 107. Abst. Op.) and the defendant prosecutes this writ of error for a further review.

In this court, as in the Appellate Court, the defendant contends that the information was invalid because it failed

to allege that Theodore Samuels, who gave the bribe, was a "defendant" within the terms of section 34 of division I of the Criminal Code of 1874, under which this information was prosecuted. Section 34 provided: "If a sheriff, constable, or other officer authorized to serve legal process, receives from a defendant, or from any other person, any money or other valuable thing as a consideration, reward or inducement for omitting or delaying to arrest a defendant, or to carry him before a magistrate, or for delaying to take a person to prison, or for postponing the sale of property under an execution, or for omitting or delaying to perform any duty pertaining to his office, he shall be fined not exceeding $300, or confined in the county jail not exceeding three months." Ill. Rev. Stat. 1959, chap. 38, par. 81.

We agree with the Appellate Court that the word "defendant" in this statutory provision "was intended to include any criminal offender who was about to be apprehended or arrested." The allegation in the information that the police officer received a bribe for omitting to arrest Theodore Samuels for violation of a traffic law therefore effectively charged the offense described in the statute.

Defendant contends further that in order to sustain his conviction it was necessary to prove that he had, in his possession, legal process for the arrest of Theodore Samuels at the time he received money from Samuels. In our opinion, however, the Appellate Court correctly held that the statutory reference to an "officer authorized to serve legal process" was intended to describe the persons subject to the statute, and not to state an essential element of the offense.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*